IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| **GRAYCE EISLEY** and **JEFFREY ZALICK**, individually and on behalf of a Class of persons similarly situated, | : : : : : | **CASE NO.:** |
| Plaintiffs, | : : | |
| v. | : : | **CLASS ACTION COMPLAINT** |
| **NORFOLK SOUTHERN RAILWAY COMPANY,** | : : : | **JURY TRIAL DEMANDED** |
| Serve:<br>Corporation Service Company<br>3366 Riverside Drive, Suite 103<br>Upper Arlington, Ohio  43221, | : : : : : | |
| Defendant. | : | |

## CLASS ACTION COMPLAINT

Plaintiffs Grayce Eisley and Jeffrey Zalick (collectively, "Plaintiffs"), on behalf of themselves and on behalf of a Class of other people similarly situated, file this Class Action Complaint against Defendant Norfolk Southern Railway Company ("Defendant"). Plaintiffs by and through counsel allege as follows:

### STATEMENT OF THE CASE

1. This is a proposed class action by Plaintiffs, on behalf of a class of people similarly situated, which asserts claims against Defendant arising from the catastrophic derailment of a train hauling toxic chemicals in East Palestine, Ohio, on or about February 3, 2023 ("Train Derailment"). The resulting fire and release of toxic chemicals, into the air, soil, and water has caused and will continue to cause direct and substantial damages to Plaintiffs and a

Class of other people similarly situated. Plaintiffs and Putative Class representatives herein are as follows:

  A. Grayce Eisley resides at 589 E. North Avenue, East Palestine, Ohio 44413.

  B. Jeffrey Zalick resides at 589 E. North Avenue, East Palestine, Ohio 44413.

2. The Defendant is a Virginia corporation with its principal place of business in Atlanta, Georgia. The claims in this case arise out of Norfolk's operation of its railway business in the state of Ohio.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this action based upon diversity of citizenship and amount. The Plaintiffs are citizens and residents of the State of Ohio. The Defendant is a citizen of Virginia and also a citizen of Georgia, where it has its principal place of business. The amount in controversy herein exceeds the sum of $75,000.00, exclusive of interest and costs.

4. This Court also has jurisdiction under the Class Action Fairness Act because the damages sought in this action are in excess of $5,000,000.00 and diversity of citizenship exists between the members of the proposed Class and the Defendant.

5. Venue is appropriate in this Court in that a substantial part of the events, acts and omissions giving rise to the claims herein occurred in this district and division.

## FACTUAL ALLEGATIONS

6. At approximately 9:00 p.m. on the evening of February 3, 2023, the Defendant was operating a train consisting of approximately 150 train cars. The train was being operated in or near the City of East Palestine, Ohio.

7. At the time and place described in paragraph numbered 6 above, Plaintiffs allege, based upon knowledge and belief that one of the train cars on the Defendant's train sustained a broken or malfunctioning axel causing a train derailment.

8. Approximately 10 of the derailed cars contained hazardous substances specifically, Vinyl Chloride, Butyl Acrylate, and Benzene residue. Vinyl Chloride is a known carcinogen.

9. A number of the rail cars caught fire and continued to burn for many hours resulting in a toxic chemical fire that emitted dense clouds of noxious smoke fumes and vapors into the air forcing the evacuation of thousands of individuals residing near the area of the train derailment. It is believed that the release of toxic chemicals into the air may have also contaminated soil and ground water.

10. As a result of the derailment and the release of toxic chemicals into the surrounding environment, Plaintiffs and members of the proposed Class have suffered a decrease in the market value of their properties.

11. Thousands of people in and near East Palestine were forced from their homes and businesses as a result of the train derailment. Shelters were opened by local governments and hundreds of people spent the night in shelters. Others found their own accommodations outside the area. Numerous businesses were closed and highways were blocked in the area surrounding the evacuation zone.

12. Based upon their knowledge and belief, Plaintiffs allege that their properties may continue to be uninhabitable for an extended period of time.

## CLASS DEFINITION

13. Plaintiffs bring this action on behalf of themselves and all other persons similarly situated who are members of the following defined Class:

> All persons who resided within the mandatory evacuation zone located in or near East Palestine, Ohio on February 3, 2023, and who were subject to the mandatory evacuation order requiring them to evacuate their homes.

14. Excluded from the Class are:

    a. the officers and directors of the Defendants;

    b. any judge or judicial officer assigned to this matter and his or her immediate family;

    c. any legal representative, successor, or assign of any excluded persons or entities; and

    d. any person who timely opt out of the Class.

## CLASS ACTION ALLEGATIONS

15. Plaintiffs incorporate by reference each and every allegation set forth above.

Class action litigation is the proper procedural device under Federal Rule of Civil Procedure 23 and 28 U.S.C. §1332.

16. Numerosity of the Class: The proposed Class is so numerous that joinder is impractical. The disposition of the claims asserted herein through this Class action will be more efficient and will benefit the parties and the Court. While the exact number of persons who fit the Class definition is unknown, upon information and belief, Plaintiffs state that almost 2,000 individuals are likely members of the Class.

17. Predominance of Common Questions of Fact and Law: There is a well-defined community of interest in that the questions of law and fact common to the Class predominate

over questions affecting only individual Class Members and include, but are not limited to, the following:

- Whether Defendant caused and/or contributed to the derailment and the subsequent chemical leaks;

- Whether Defendant's actions were negligent;

- Whether the derailment caused personal injuries, environmental and/or property damage; and

- The amount of damages Plaintiffs and the Class should receive for compensation.

18. Typicality: Plaintiffs and the Class Members have suffered similar harm as a result of the Defendant's actions.

19. Adequacy of Representation: Plaintiffs will fairly and adequately represent and protect the interests of the members of the Class because their interest does not conflict with the interest of the Class Members they seek to represent. Plaintiffs have no claims antagonistic to those of the Class. Plaintiffs have retained counsel competent and experienced in complex railroad class actions, as well as maritime and environmental litigation.

20. Superiority: A class action is superior to other available methods for the fair and efficient adjudication of this litigation since individual litigation of the claims of all Class Members is impracticable. Even if every Class Member could afford individual litigation, the court system could not. It would be unduly burdensome to this Court in which individual litigation of thousands of cases would proceed. Individual litigation presents a potential for inconsistent or contradictory judgments, and the prospect of inequitable allocation of recovery among those with equally meritorious claims. Individual litigation increases the expenses and delay to all parties and the court system is resolving the legal and factual issues common to all

claims related to the Defendant's conduct alleged herein. By contrast, a class action presents far fewer management difficulties and provides the benefit of a single adjudication, economics of scale, and comprehensive supervision by a single court.

21. The various claims asserted in the action are also certifiable under the provisions of Rules 23(b)(1) and/or 23(b)(3) of the Federal Rules of Civil Procedure because:

    a. The prosecution of separate actions by thousands of individual Class Members would create a risk of inconsistent or varying adjudications with respect to individual Class Members, thus establishing incompatible standards of conduct for Defendant;

    b. The prosecution of separate actions by individual Class Members would also create the risk of adjudications with respect to them that would as a practical matter, be dispositive of the interests of the other Class Members who are not parties to such adjudications and would substantially impair or impede their ability to protect their interests; and

    c. The questions of law or fact common to the Members of the Class predominate over any questions affecting only individual Members, and that a Class is superior to other available methods for the fair and efficient adjudication of the controversy.

## COUNT ONE: NEGLIGENCE

22. Plaintiffs incorporate by reference each and every allegation set forth above.

23. The Defendant had a duty of care to the Plaintiffs and Class Members to operate, maintain, inspect, and repair the trains and the railroad tracks upon which toxic and hazardous chemicals are transported to prevent train derailments and the resulting contamination and

release of pollutants. Defendant knew or should have known of the dangers of the failure to operate, maintain, inspect, and repair trains and the railroad tracks in a proper manner and that failure could reasonably lead to a breach of this duty resulting in the damages incurred by the Plaintiffs and members of the Class. Defendant had *garde* and control over this equipment and property at all material times herein.

24. The Defendant is under a heightened duty to inspect, maintain, and repair those rail cars/tankers known to be used for transporting hazardous chemicals.

25. The damages suffered by Plaintiffs and the Class Members were caused by the negligence and fault of Defendants in the following non-inclusive particulars:

    a. Failing to properly design the railroad track;

    b. Failing to properly inspect and maintain the railroad track and the train cars for the operations being conducted during the ordinary course of business;

    c. Acting in a careless and negligent manner without due regard for the safety of others;

    d. Failing to properly train their personnel;

    e. Failing to take appropriate actions to avoid or mitigate the derailment at bar;

    f. Failing to react to danger signs; and

    g. Such other acts of negligence and omissions as will be discovered and shown at trial of this matter.

## COUNT TWO: PRIVATE NUISANCE

26. Plaintiffs hereby incorporate by reference each and every allegation set forth above.

27. The actions of Defendant, as described above, interfered and continued to interfere with Plaintiffs' rights (and the Class Members' rights) and have caused harm, inconvenience and/or damages to Plaintiffs and the Class Members.

28. Plaintiffs and the Class Members are entitled to a judgment finding Defendant liable to Plaintiffs for damages suffered as a direct and proximate result of the nuisance created by the Defendant and awarding Plaintiffs and the Class Members adequate compensation therefore in an amount to be determined by the trier of the fact.

## COUNT THREE: TRESPASS

29. Plaintiffs hereby incorporate by reference each and every allegation set forth above.

30. Defendant negligently caused the release of chemicals into the atmosphere and onto the properties in or near East Palestine, Ohio upon which Plaintiffs and the Class Members reside and use for habitation, recreational, and/or commercial purposes.

31. As a direct and proximate result of Defendant continuing trespass and engaging in the above mentioned activities, Plaintiffs and the Class Members have suffered damages and they are entitled to compensation in an amount to be determined by the trier of fact.

## COUNT FOUR: MEDICAL MONITORING

32. Plaintiffs hereby incorporate by reference each and every allegation as set forth above.

33. Following the derailment and the resulting fire, the Vinyl Chloride was caused to burn emitting dangerous gases. Vinyl Chloride is a known carcinogen and has been linked to liver cancer.

34. As a result of the derailment, and the Defendant's fault, the Plaintiffs and Class Members will need to be regularly followed, assessed and monitored by health care providers.

## COUNT FIVE: DAMAGES

35. As a direct and proximate result of Defendant's negligence, trespass, and nuisance, Plaintiffs and Class Members have suffered damages including, but not limited to the following:

    a. Costs of medical treatment; past, present and future;

    b. Past, present and future lost wages;

    c. Past, present and future mental anguish;

    d. Personal injuries;

    e. Pain and suffering past, present and future;

    f. Loss of enjoyment of life;

    g. Loss of use of their property, both personal and real;

    h. Contamination and loss of value to their property; and

    i. Other damages will be shown at the trial of this matter.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs and the Class Members demand judgment against the Defendant, jointly, severally and in-solido, providing the following relief:

1. Economic and compensatory damages in amounts to be determined at trial;

2. Pre-judgment and post-judgment interest as the maximum rate allowed by law;

3. Past and future medical monitoring;

4. A trial by jury; and

5. Such other and further relief available and any relief the Court deems just and appropriate.

Date: <u>February 8, 2023</u>  Respectfully submitted,

<u>/s/ Robert R. Sparks</u>
Robert R. Sparks  (0073573)
Ronald R. Parry   (0053750)
STRAUSS TROY Co., LPA
The Federal Reserve Building
150 E. Fourth Street, 4th Flr.
Cincinnati, Ohio  45202
Telephone:     (513) 621-2120
Facsimile:     (513) 629-9426
Email:  rrparry@strausstroy.com
         rrsparks@strausstroy.com

*Counsel for Plaintiffs Grayce Eisley and Jeffrey Zalick*

16191676.1 - 115527.001